■ Francis D. Rooney, Appellant, v. State of New York, Respondent. (Claim No. 37761.) — Herlihy, J. The claimant appeals from a judgment in favor of the State in an automobile negligence action. The Court of Claims found that the State was negligent in failing to have the barricades on the road properly lighted, and found the claimant guilty of contributory negligence for failing to have proper equipment on the vehicle, to wit, headlights conforming to required specifications. The claimant appeals from this finding. The State argued that, in any event, the plaintiff failed to sustain the burden of establishing his freedom from contributory negligence. In deciding the issue, it is not necessary to pass on the question of the applicability of subdivision 3 of section 375 of the Vehicle and Traffic Law. The Southern State Parkway is a main highway on Long Island and when originally constructed, was divided into two eastbound and two westbound lanes. Prior to the accident a third eastbound lane had been constructed on which, at the time of the accident, barricades were located. The claimant described the lanes as lane No. 1 being next to the divider, lane No. 2 being the center lane and lane No. 3 being the southerly lane which was under construction and, for the purpose of clarity, they will be referred to as such. The claimant, traveling alone at approximately 2:45 A.M. on March 2, 1960, approached the Parkway at the New Highway entrance and proceeded thereon for approximately two miles to an exit designated as Straight Path near where the accident happened. It was nighttime and he testified that with his lights on low beam, he could see approximately 75 to 100 feet. He further stated that he was familiar with the barricades located along lane No. 3 and that there was little traffic on the Parkway. With reference to the operation of his car, he testified that on entering the Parkway he travelled for approximately 100 feet on an acceleration lane and then into lane No. 3 for a distance of approximately 400 feet when he changed the course of the automobile due to barricades located

on lane No. 3 and which he observed without difficulty. He then travelled partly on lanes No. 2 and No. 3, using the unlighted barricades as a guide. After proceeding some distance, he stated that the eyes of a cat along the southerly edge of the pavement some 200 feet distant momentarily distracted his attention; that he flashed his lights to high beam and then back to low during which time he operated his automobile across lane No. 2 into lane No. 1, next to the divider, and travelled thereon for approximately 200 feet at a speed of 40 to 45 miles an hour and then, without any apparent reason, turned his car in a southeasterly direction and travelled between 175–225 feet from lane No. 1 across lane No. 2 and completely into lane No. 3, continuing thereon for about 200 feet before striking the unlighted fencetype barricade. He stated that he could see the barricade from various distances of 60 to 125 feet and that he attempted to pull his car into lane No. 2 but was unable to do so. This record establishes, upon the claimant's testimony, that he is guilty of contributory negligence not for the reasons assigned by the Court of Claims but rather in the manner in which he operated his automobile on the Southern State Parkway and more particularly just prior to the accident. It establishes that he departed from lane No. 1, which was unobstructed, crossed lane No. 2, which was unobstructed, and into lane No. 3, recently constructed and on which were the barricades of which he had prior knowledge. He elected to leave an avenue of safety for no explicit reason and enter an area under construction and barricaded, which an ordinary, prudent and vigilant driver would not have done under the circumstances. We note that the record refers to certain photographs and other exhibits which were not before the court and, accordingly, not considered. Judgment affirmed, without costs. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur.